UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PEDRO DEJESUS,

    Plaintiff,

v.

COUNTY OF MERCER, et al.,

    Defendants.

Civil Action No. 21-20233 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Pedro DeJesus's application to proceed *in forma pauperis* (ECF No. 1-2) and the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Having reviewed the application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is therefore granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must next screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal

conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that he was injured in May 2021 during an inmate brawl at the Mercer County Jail. The brawl allegedly resulted from a corrections officer informing an African-American inmate that a specific inmate other than Plaintiff "was snitching," and that other Hispanic inmates were likely "snitching" as well. (ECF No. 1 at 6.) After the brawl was de-escalated, Plaintiff was taken to a holding cell for a few hours, during which he requested medical care because of a clear shoulder injury. (*Id.*) Although the officers involved in taking Plaintiff to the cell and those in the cell area did not immediately provide medical care during the two hours

Plaintiff was in the holding cell, Plaintiff was ultimately taken to Capital Health Medical Center, where he was provided treatment for a severe shoulder injury and bruises. (*Id.*)

Plaintiff was subsequently returned to the Mercer County Jail and placed in a medical unit. (*Id.*) According to Plaintiff, there was mold in the cell, but he was denied cleaning supplies when he requested them. (*Id.*) Plaintiff remained in the medical department for a month and a half, during which time he alleges he had limited showers, was only able to make phone calls every few days, and was provided few linen changes. (*Id.* at 7.) Although Plaintiff contends that the conditions were "deplorable," and mentions having raised the issue with unnamed jail staff, he does not mention any specific staff member to whom he raised the issue. (*Id.*)

After a month and a half, Petitioner received follow up medical care and was told that he would eventually need surgery, but an MRI would be needed first. (*Id.*) The MRI was apparently taken. (*Id.*) Following a consult, two Sergeants, Defendants Frashella & Sanchez, sought to have Plaintiff moved out of the medical unit, and eventually had him moved from medical to a holding cell, in which Plaintiff was forced to use a top bunk despite being on bottom bunk status. (*Id.*) After two weeks, Plaintiff was moved by Defendants Lyzak and Frashella back to the medical department for two days, during which time he was apparently bitten by a spider. (*Id.*) Plaintiff was thereafter moved to another cell within the medical unit, in which he was required to use a third level bunk, which Plaintiff contends further injured his shoulder. (*Id.*) Plaintiff remained in this unit for several months during which the showers were temporarily inoperable. (*Id.*)

Based on these allegations, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 claiming that Defendants committed racial discrimination, subjected him to unlawful conditions of confinement, and were deliberately indifferent to his medical needs. Plaintiff also seeks to raise claims under the New Jersey Civil Rights Act asserting a violation of his right to be free from cruel

and unusual punishment, which appears to be a repetition of his conditions of confinement federal claim, and a claim in which he asserts he was in some unspecified way denied a right to a grievance. Plaintiff also seeks to raise state common law claims for intentional infliction of emotional distress, reckless endangerment, and negligence. Plaintiff does not specifically identify which Defendants are subject to which of his claims.

Having reviewed Plaintiff's complaint, the Court perceives no basis for the dismissal of Plaintiff's deliberate indifference claims against Defendants Lyzak, Frashella, and Sanchez based on the alleged knowing placement of Plaintiff in a high bunk cell in contradiction of medical directives that he be given bottom bunk status. Those claims shall therefore proceed at this time.

The Court next turns to the other Defendants. In order for Plaintiff to make out a claim of deliberate indifference to his medical needs, Plaintiff must plead facts indicating that Defendants both knew of a serious medical need and were deliberately indifferent to that need. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted). Deliberate indifference therefore requires more than mere negligence. *See King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008).

Although Plaintiff does plead a serious medical need—his severe shoulder injury—he has failed to plead facts indicating that the remaining Defendants, many of whom are distant supervisors, were actually aware of his injuries or were indifferent to them. The facts Plaintiff does plead suggest the contrary—Plaintiff was injured during an event, which he compares to a riot, and was briefly held in a holding cell while officers dealt with that issue. Once the riot was resolved, Plaintiff was transported to the hospital for treatment. He thereafter received follow up

4

care, including an MRI, and was apparently being prepared for surgery. These facts do not show that any other Defendant was deliberately indifferent to his needs, and instead suggest that other than a brief two-hour delay during the quelling of the alleged riot or brawl, Plaintiff was treated for his injuries. Likewise, to the extent Plaintiff wished to tie the supervisory or County Defendants to his placement in improper cell-bunking situations, Plaintiff has pled no facts showing that any Defendant other than Lyzak, Frashella, and Sanchez was in any way personally involved in the decision to place him in those cells. The failure to plead facts, rather than mere conclusions, of personal involvement beyond mere supervisory capacity is fatal to such attempts. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). All of Plaintiff's deliberate indifference claims against Defendants other than Lyzak, Frashella, and Sanchez are therefore dismissed without prejudice.

Plaintiff's conditions of confinement claims suffer from the same fault – Plaintiff has failed to plead that any defendant was actually personally aware of or otherwise involved in the situation. Although Plaintiff pleads that there were issues with mold, spiders, and temporary shower failings, he fails to identify which Defendants were directly made aware of the issues, how they were made aware of the issues, and in what way any named Defendant was actually involved in refusing to provide cleaning products, shower repairs, or other supplies. Plaintiff's conditions of confinement claims are therefore dismissed without prejudice for failure to plead the personal involvement of any of the Defendants. *Chavarriaga*, 806 F.3d at 222; *see also Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018) (finding conditions of confinement claim requires plaintiff to plead facts showing defendants were deliberately indifferent to a risk of harm presented by dangerous conditions of confinement).

In his final federal claim, Plaintiff asserts that he was subjected to racial discrimination, presumably when a guard allegedly made negative remarks to inmates regarding Hispanic inmates. That a guard has racist attitudes or uses racial slurs, insults, or the like, while reprehensible, is not in and of itself sufficient to state a claim for discrimination under the Equal Protection Clause. *See, e.g., Salley v. Pa. Dep't of Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006). Thus, while Plaintiff may be able to plead a different class of claim against the guard in question, Plaintiff's alleged discrimination claim is dismissed without prejudice.

Turning to Plaintiff's New Jersey Civil Rights Act claims, such claims are generally construed as identical to claims brought under § 1983, and are subject to the same pleading requirements and elements. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). Plaintiff's conditions of confinement claim under the NJCRA is therefore dismissed without prejudice for the same reason as his matching § 1983 claim discussed above. Likewise, Plaintiff's claim based on an alleged state right to petition for redress of his grievances must fail as he fails to plead how that right was infringed, or what Defendants were personally involved in the impugning of that right. Plaintiff's NJCRA claims are therefore dismissed without prejudice at this time.

In his remaining state law claims, Plaintiff asserts that at least some Defendants are liable to him for negligence (whether gross or standard), reckless endangerment, or intentional infliction of emotional distress. Plaintiff has made no attempt to plead which Defendants are liable for these torts, nor has he pled any of the specific elements of these torts as to any of the Defendants listed in his complaint. As Plaintiff has failed to even attempt to plead how any named defendant breached a duty of care to him, his negligence claims must be dismissed without prejudice. *See, e.g, G.A.-H. v. K.G.G.*, 238 N.J. 401, 413-14 (2019). Likewise, as Plaintiff has failed to plead facts

showing that any defendant intentionally committed outrageous conduct[1] that actually and proximately caused him severe emotional distress which no reasonable person could be expected to endure, he has failed to plead a prima facie claim of intentional infliction of emotional distress. *See, e.g., Besen v. Weiss*, 2017 WL 3708139, at *7-8 (N.J. App. Div. Aug. 29, 2017). Finally, while New Jersey does have a criminal statute proscribing reckless endangerment, N.J. Stat. Ann. § 2C:24-7.1, this Court is aware of no caselaw or other authority construing a private cause of action under the statute. In the absence of clear authority indicating a private cause of action for reckless endangerment under state law, this Court must dismiss Plaintiff's reckless endangerment claims without prejudice. *See, e.g., Gittens v. Scholtz*, No. 18-2519, 2019 WL 3417091, at *11 (D.N.J. July 29, 2019) (courts will not construe private cause of action from state criminal statute absent clear statutory indications of a private claim or clear caselaw establishing one). All of Plaintiff's state law claims will therefore be dismissed without prejudice at this time.

**IT IS THEREFORE** on this 3rd day of October, 2022, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **GRANTED**;

2. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of New Jersey and the warden of the Mercer County Correction Center;

---

[1] The only defendant whose conduct could even be placed into the realm of 'outrageous' conduct would be the guard who suggested that all Hispanics may be "snitching." That comment, however, was made to an unspecified African-American inmate, was made in reference to the actions of an inmate other than Plaintiff, and nothing in Plaintiff's complaint suggests that this comment was made with the intention of causing distress to Plaintiff. Plaintiff, therefore, would still fail to state a claim even if this Court assumed such conduct to be outrageous enough to support a claim. *See, e.g., Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988) (to be held liable a defendant must "intend both to do the act and to produce emotional distress").

3. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

4. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

5. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited;

6. Plaintiff's deliberate indifference to medical needs claim shall **PROCEED** against Defendants Lyzak, Frashella, and Sanchez only at this time;

7. Plaintiff's remaining claims are all **DISMISSED WITHOUT PREJUDICE**;

8. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each of Defendants Lyzak, Frashella, and Sanchez;

9. Plaintiff shall complete the forms and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;

10. Upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants Lyzak, Frashella, and Sanchez pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

11. Defendants Lyzak, Frashella, and Sanchez shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and

12. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

                          s/ Michael A. Shipp
                          **MICHAEL A. SHIPP**
                          **UNITED STATES DISTRICT JUDGE**